

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

December 23, 1947

Honorable P. W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Opinion No. V-464

Re: The liability of Jim Hogg County
Independent School District to
pay for services which Thos. Y.
Pickett & Co. rendered in con-
nection with passage of S. B. 304,
50th Legislature.

Dear Sir:

We refer to your letter requesting an opinion as to the
liability, if any, of Jim Hogg County Independent School District to
Thos. Y. Pickett & Co. for services rendered in connection with the
passage of S. B. 304, 50th Legislature, Regular Session, Acts 1947.
We appreciate receiving your attached copy of the opinion and brief
by Mr. John C. Beasley.

We quote from a copy of the letter addressed to you on
the matter by Hon. W. W. Jones, Trustee, Jim Hogg County Independ-
ent School District, as follows:

"At a meeting of the Board of Education of the
Jim Hogg County Independent School District held on
Friday, November 14, 1947, at 10:30 a. m. in the office
of the superintendent of schools, the following motion
was passed:

'that no action be had on the following state-
ment to say:

Oct. 1, 1947

Jim Hogg County Independent School Dis-
trict
  in account with
Thos. Y. Pickett & Company.

Services rendered, and expenses incurred
in connection with passage of Senate Bill
#304, creating Jim Hogg County Independent
School District, County-wide - - - - $5,000.00

Thos. Y. Pickett & Company
Signed Thos. Y. Pickett

> until the opinion of the Attorney General
> of Texas is obtained concerning its validity.'

> "And in connection with this matter I am enclos-
> ing to you an opinion rendered to me by my attorneys
> that raises a serious question as to the liability of our
> school district for this statement that has been render-
> ed to it."

In view of the holding in Graves & Houtchens v. Diamond Hill Independent School District, 243 S. W. 638, we consider it only necessary to advise that we are in accord with Mr. Beasley's opinion to the effect that the employment of Thos. Y. Pickett & Co. by the County Judge, acting as County School Superintendent, is not binding on the newly created Jim Hogg County Independent School District or any prior School District of Jim Hogg County. That case holds that a contract by which a county employed persons to secure the defeat of a proposed bill was null and void as against public policy and as against at least the spirit of certain articles of the Penal Code.

We quote from Graves & Houtchens v. Diamond Hill Independent School District, supra, at page 639:

> "While it is doubtless true that there is power
> in a Board of Trustees of an Independent School Dis-
> trict to employ counsel and pay out of the public funds
> of the district a reasonable fee in cases where the in-
> terests of the district require assertion or defense in
> the courts of the county, we find no authority, after
> careful search, either expressed or implied in the
> statutes of this State, to employ counsel and expend
> the public funds of the district in the attempt to se-
> cure or defeat legislation."

## SUMMARY

Jim Hogg County Independent School District is not liable and cannot legally pay or assume a fee of $5,000.00 on account rendered by Thos. Y. Pickett & Co. for "services. . .and expenses in connection with the passage of Senate Bill No. 304" creating the District. Graves & Houtchens v. Diamond Hill I.S.D., 243 SW 638.

Yours very truly

APPROVED:

*Price Daniel*

ATTORNEY GENERAL

CEO/mw/JCP

ATTORNEY GENERAL OF TEXAS

By *Chester E. Ollison*

Chester E. Ollison
Assistant